# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MASSACHUSETTS

COMMONWEALTH OF MASSACHUSETTS,

    Plaintiff,

v.

C&G LAND RECLAMATION AND
RENEWABLE ENERGY SOLUTIONS, LLC,
CLYDE HOLLAND, Individually and as a
Manager of C&G Land Reclamation and
Renewable Energy Solutions, LLC, and
WILLIAM P. TRAINOR, SR., Individually,

    Defendants.

DOCKET NO.

## NOTICE OF REMOVAL

TO:    THE UNITED STATES DISTRICT COURT
        FOR THE DISTRICT OF MASSACHUSETTS

Pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants C&G LAND RECLAMATION

AND RENEWABLE ENERGY SOLUTIONS, LLC, CLYDE HOLLAND, Individually and as a

Manager of C&G Land Reclamation and Renewable Energy Solutions, LLC, and WILLIAM P.

TRAINOR, SR., Individually, (hereinafter "Defendants") and, being all defendants in the above-

captioned matter, hereby file this Notice of Removal of the above-captioned matter from the

Superior Court of Suffolk County, Massachusetts, to the United States District Court for the

District of Massachusetts.

In support of this Notice, Defendants respectfully state:

## I.    BASIS FOR JURISDICTION

1.      The United States District Court for the District of Massachusetts has original

jurisdiction over this matter under 28 U.S.C. § 1332(a)(2) and (c)(1), there being

complete diversity between the citizenship of the Plaintiff Commonwealth of

Massachusetts ("Plaintiff") and that of all Defendants and being that the matter in

controversy as alleged by Plaintiff exceeds the sum value of $75,000.00, exclusive of

interest and costs, as further described below.

2.      This lawsuit is therefore removable from the Massachusetts Superior Court to the

United States District Court for the District of Massachusetts pursuant to 28 U.S.C. §

1441(a) and 28 U.S.C. § 1332(a)(1).

## II.   TIMELINESS OF REMOVAL

3.      On or about June 1, 2017, Plaintiff filed its Complaint (the "Complaint") in the

Superior Court of Suffolk County, Massachusetts, Civil Action No. 1784CV01694

(the "Superior Court Action"). A copy of the Complaint is attached to the

Declaration of Timothy J. Perry ("Perry Dec.") as Exhibit 1.

4.      On or about June 20, 2017, Defendants received the Summons and the Complaint in

the Superior Court Action via registered mail.

5.      The time within which Defendants are required to file a notice of Removal of this

action to this Court has not yet expired. Since Defendants received the Summons and

Complaint on June 20, 2017, they have until at least July 19, 2017 to remove this

action. See 28 U.S.C. § 1446(b).

## III. CITIZENSHIP OF THE PARTIES

6. The Complaint alleges that Plaintiff is an agency of the Commonwealth of Massachusetts with a principal office at One Winter Street, Boston, Massachusetts. Compliant, Par. 6.

7. The Complaint alleges that C&G, the corporate defendant, is organized under the laws of the State of New Hampshire and has its principal office in the State of New Hampshire. Complaint, Par. 8.

8. For purposes of diversity jurisdiction, corporate parties such as C&G are citizens of both the state in which they are incorporated and the state in which they maintain their principal place of business. See 28 U.S.C. § 1332(c)(1). Here, both are in New Hampshire.

9. The Complaint alleges that Defendant Clyde Holland and Defendant William P. Trainor, Sr. both maintain principal residences in the State of New Hampshire.

10. As such, there is no dispute that all Defendants are citizens of the State of New Hampshire for purposes of diversity and removal jurisdiction. See 28 U.S.C. § 1332(c)(1).

11. In order to satisfy the statutory requirement for diversity jurisdiction, all plaintiffs must be citizens of a different state than all defendants. See 28 U.S.C. § 1332(c)(1).

12. In this case, Plaintiff is a citizen of Massachusetts and all Defendants are citizens of New Hampshire.

13. Complete diversity exists between Plaintiff and Defendants, satisfying the jurisdictional requirements of 28 U.S.C. § 1332(a)(1) and (c)(1).

## IV.   JURISDICTION AMOUNT FOR DIVERSITY JURISDICTION

14.   While the Complaint does not state a specific amount in controversy, the removing

Defendants have a good-faith belief that the amount sought by Plaintiff in this action

exceeds $75,000.00, exclusive of interest and costs, pursuant to 28 U.S.C. § 1332(a).

15.   Count I of the Complaint claims that the violations cited therein are "subject to a civil

penalty of up to twenty-five thousand ($25,000) for each violation, with each day

such violation occurs or continues constituting a separate violation." Complaint, Par.

94.

16.   Count II of the Complaint claims that the violations cited therein are "subject to a

civil penalty of up to fifty thousand ($50,000) per day for such violation."

Complaint, Par. 102.

17.   Count III of the Complaint claims that the violations cited therein are "subject to a

civil penalty of up to twenty-five thousand ($25,000) for each such violation for each

day such violation occurs or continues." Complaint, Par. 121.

18.   Count IV of the Complaint claims that the violations cited therein "subjects the

violator to enforcement and the imposition of up to twenty-five thousand ($25,000) in

civil penalties per day per violation." Complaint, Par. 139.

19.   Count V of the Complaint claims that the violations cited therein "subjects the

violator to enforcement and the imposition of up to fifty thousand ($50,000) in civil

penalties per day per violation." Complaint, Par. 157.

20.   Based upon these allegations alone, even a single day of the violations alleged under

each count of the Complaint would impose fines of a minimum of $175,000.00,

exclusive of interest and costs and exclusive of claims that the violations have occurred on more than a single day.

## V.    MISCELLANEOUS REMOVAL REQUIREMENTS

21.    Written notices of the filing of this notice of removal shall be served this date on all adverse parties through counsel, as required by 28 U.S.C. § 1446(d).

22.    A true copy of this notice of removal shall be filed with the Suffolk Superior Court in the Superior Court Action and served on all adverse parties, as provided by 28 U.S.C. § 1446(a).

23.    The State Court Summons and Complaint attached to the Perry Dec. are the only pleadings, process, or other papers served upon Defendants in the Superior Court Action.

24.    Pursuant to Local Rule 81.1(a), within 30 days of the filing of this notice of removal, the removing Defendants will file certified or attested copies of all records and proceedings in the State Court and a certified or attested copy of all docket entries in the State Court.

**WHEREFORE,** the Defendants respectfully request that this Civil Action be removed from the Superior Court of Suffolk County to this the Federal District Court for the District of Massachusetts, that this Court accept jurisdiction of this action, and henceforth that this action be placed on the docket of this Court for further proceedings such that the parties and the Court proceed as though this action had originally been instituted in the Federal District Court for the District of Massachusetts.

Respectfully submitted,

**DEFENDANTS C&G LAND RECLAMATION
AND RENEWABLE ENERGY SOLUTIONS,
LLC, CLYDE HOLLAND, Individually and as a
Manager of C&G Land Reclamation and
Renewable Energy Solutions, LLC, and
WILLIAM P. TRAINOR, SR., Individually,**

By their attorneys,

Timothy J. Perry (BBO# 631397)
tperry@pkdllp.com
PERRY KRUMSIEK LLP
One Boston Place, Suite 2600
Boston, MA 02108
(617) 720-4300
Fax (617) 720-4310

Dated: July 7, 2017

## CERTIFICATE OF SERVICE

I hereby certify that on this date a true copy of the above document was served upon all

counsel of record via pre-paid First Class, United States Mail and by email

Dated: July 7, 2017

Timothy J. Perry

6